IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------- : | |
| RICKIE LEE HUNT, : | |
| : | CASE NO. 5:11 CV 218 |
| Plaintiff : | |
| : | |
| -vs- : | MEMORANDUM OF OPINION |
| : | AND ORDER |
| EDWARD SHELDON, Warden, : | |
| : | |
| Defendant. : | |
| ------------------------------------------------------- : | |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On January 31, 2011, petitioner pro se Rickie Lee Hunt filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in an Ohio penal institution, having been denied parole. He asserts the parole denial violated due process because the parole authority lacked "some evidence" to support its decision. For the reasons stated below, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

There is no legal duty in Ohio to release a prisoner before he has served the maximum term provided by his indefinite sentence. State ex rel. Johnson v. Bettman, 84 Ohio St. 3d 61 (1998); State ex rel. Smith v. Sage, 83 Ohio St. 3d 209 (1998); Lanham v. Ohio Adult Parole Auth., 80 Ohio St. 3d 425, 427 (1997).

Further, petitioner's assertions under the United States Constitution are not supportable. The Supreme Court has held that "[t]here is no constitutional or inherent

right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Ohio parole statutes do not create a protected liberty interest for due process purposes, and therefore the decision to grant or deny parole is entirely within the discretion of the Ohio Adult Parole Authority. Jago v. Van Curen, 454 U.S. 14, 20 (1981). Petitioner has no constitutional right to be released at any time prior to the expiration of his maximum sentence. Id.

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 26 April 2011

2